ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -                                      )
                                                 )
AECOM Technical Services, Inc.                   )     ASBCA No. 62800
                                                 )
Under Contract No. W912DY-15-R-ESP7              )

APPEARANCES FOR THE APPELLANT:          Manju Gupta, Esq.
                                        William D. Edwards, Esq.
                                        Jonathan R. King, Esq.
                                          Ulmer & Berne LLP
                                          Cleveland, OH

APPEARANCES FOR THE GOVERNMENT:         Michael P. Goodman, Esq.
                                          Engineer Chief Trial Attorney
                                        Karen L. King Vanek, Esq.
                                        Margaret P. Simmons, Esq.
                                          Engineer Trial Attorneys
                                          U.S. Army Engineer District, Huntsville

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE GOVERNMENT'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

On December 6, 2021, the Board denied the government's motion to dismiss this appeal for lack of jurisdiction, holding that appellant, AECOM Technical Services, Inc. (AECOM), had set forth a non-frivolous allegation of a contract with the government, and that AECOM's allegations that the government wrongfully converted AECOM's designs and work product for its own use was a claim of tortious breach of contract that we possess jurisdiction to entertain. *AECOM Technical Services, Inc.*, ASBCA No. 62800, 2021 WL 6103547 (Dec. 6, 2021). Familiarity with that opinion is presumed. The government had also moved to dismiss Counts II and IV of the complaint for failure to state a claim (gov't mot. at 11-15). We deferred decision upon that motion, and address it now.

Count II alleges:

**Count II: CEHNC Is Required To Pay AECOM Fair Compensation for the Value of Its Goods and Services, Including Termination for Convenience Costs**

27. [Multiple Award Task Order Contract (MATOC)] III expressly includes [Federal Acquisition Regulation (FAR)] clause 52.249-2, which provides that [Huntsville Center,

U.S. Army Corps of Engineers (CEHNC)] is to compensate AECOM for the fair value of services provided and received by CEHNC. When the government cancels a contract for its convenience, the government contractor may claim certain damages as provided for in the contract's termination for convenience clause, such as costs expended prior to termination, lost profits on work actually completed, and any professional fees incurred towards the preparation and presentation of a termination settlement.

28. FAR 49.201 provides that a terminated contractor must receive fair compensation. AECOM's recovery of precontract costs to perform the contract are justified because AECOM fully relied upon CEHNC's repeated assurances of an impending [task order (TO)] award issuance. AECOM accommodated all of the changes requested by CEHNC because, in part, the value of the cost savings was anticipated to be significant and would have been paid over the life of the contract, and AECOM was delivering the Project requirements as directed by CEHNC.

29. The government has acknowledged the inequities of cancelling viable projects after the [Investment Grade Audit (IGA)], including the potential liability for certain costs. Specifically, in an October 22, 2019, guidance letter, the Deputy Assistant Secretary of the Air Force for Environment, Safety, and Infrastructure (SAF/IEE) wrote as follows:

Project Cancellation after IGA: Should the Installation Commander recommend cancellation or it is thought to be in the best interest of the Air Force to cancel or reduce the scope of the project due to a technically non-responsive submittal by the contractor, a cancellation notification must be provide *[sic]* to SAF/IEE via memorandum to include explanation. All other cancellation requests must submit to the Headquarters Air Force Facility Energy and Water Board (FEWB) via memorandum an explanation of level of effort, timeline, and detailed cause for cancellation. In the event of a cancellation, the installation may be liable to the contractor for IGA or other development expenses. If viable projects are cancelled after the IGA, the installation will not be authorized to select high return ECMs from an IGA report and

accomplish those ECMs as independent Government funded projects.

30.  Once AECOM reached the latter stages of the IGA phase and was close to a CEHNC-assured TO, AECOM never envisioned that it would spend the time and resources that it did in direct response to government directions and not be awarded a TO.  It would be contrary to law and equity for ESPC contracts to have such a loophole that would allow CEHNC to obtain such benefits without providing any compensation to an [energy services contractor (ESCO)].

WHEREFORE, AECOM prays for judgment in its favor and against CEHNC as to Count II in an amount of at least $681,469.70, together with costs incurred in making demands upon CEHNC for payment, plus interest, attorney fees, costs and for such further relief as the ASBCA deems appropriate.

(Compl. at 5-6 (bracketed material added))  Count IV alleges:

**Count IV:  CEHNC Breached the Contract by Wrongfully Converting AECOM's Work Product and Intellectual Property for Its Own Use**

35.  CEHNC breached the contract when it violated the implied duty of good faith and fair dealing and MATOC III, Section C.26.4, by converting AECOM's ECM designs and work product for its own use.  As stated previously, CEHNC's statement that it "has no plans to exercise its option to obtain ownership of any submitted documentation pertinent to this project" is disingenuous.  CEHNC has never returned AECOM's submitted documentation, which contained hundreds of pages of design, measurement, calculation analysis and cost estimating documents.  The Base's own news articles elaborate on the importance of energy efficiency and demonstrate that CEHNC used AECOM's ideas and designs to implement ECMs after CEHNC cancelled the Project.

WHEREFORE, AECOM prays for judgment in its favor and against CEHNC as to Count IV in an amount of at least $681,469.70, together with costs incurred in making demands

3

> upon CEHNC for payment, plus interest, attorney fees, costs
> and for such further relief as the ASBCA deems appropriate.

(Compl. at 7-8)

Dismissal for failure to state a claim upon which relief can be granted is appropriate where the facts asserted in the complaint do not entitle the claimant to a legal remedy; the Board will deny a motion to dismiss for failure to state a claim when the complaint alleges facts plausibly suggesting a showing of entitlement to relief. *See Parsons Gov't Servs., Inc.*, ASBCA No. 60663, 17-1 BCA ¶ 36,743 at 179,100. In deciding a motion to dismiss for failure to state a claim, the Board must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant; we decide only whether the claimant is entitled to offer evidence in support of its claims, not whether the claimant will ultimately prevail. *Id.* at 179,101. In addition to reviewing the allegations contained in the complaint, the Board may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, and matters of public record. *Parwan Grp. Co.*, ASBCA No. 60657, 18-1 BCA ¶ 37,082 at 180,498 (considering contract terms in deciding Rule 12(b)(6) motion). Here, MATOC III is referenced in the complaint and integral to AECOM's claim; accordingly, we may consider it in deciding the government's motion. *See id.* (considering contract terms in deciding Rule 12(b)(6) motion).

With respect to Count II, the government argues that "[a]ppellant fails to state a claim under which relief can be granted because it cannot and has not alleged that the Government terminated any contract cognizable under the [Contract Disputes Act]" (gov't mot. at 12 (alteration added)). In view of our earlier decision that AECOM has set forth a non-frivolous allegation of a contract with the government, we deny the government's motion to dismiss Count II for failure to state a claim.

With respect to Count IV, the government argues that "[b]ecause the directives of FAR Part 4.803(a)(10) govern the Government's retention of offerors' proposal materials, Appellant's allegation that the Government's [] simple retention of its proposal materials amounted to 'wrongful conversion' is invalid as a matter of law, and the Government moves to dismiss said allegation for failure to state a cause of action upon which relief may be granted under [Federal Rule of Civil Procedure (FRCP)] Rule 12(b)(6)" (gov't mot. at 13 (alteration added)). FAR 4.803(a)(10) provides:

> The following are examples of the records normally
> contained, if applicable, in contract files:
>
> (a) Contracting office contract file.
>
> . . .

4

(10)      A copy of each offer or quotation, the related abstract, and records of determinations concerning late offers or quotations.  Unsuccessful offers or quotations may be maintained separately, if cross-referenced to the contract file.  The only portions of the unsuccessful offer or quotation that need be retained are—

      (i)      Completed solicitation sections A, B, and K;

      (ii)      Technical and management proposals;

      (iii)      Cost/price proposals; and

      (iv)      Any other pages of the solicitation that the offeror or quoter has altered or annotated.

In response, AECOM quotes (app. resp. at 24-25) MATOC III, section C.26.4, Option to Obtain Ownership to Submitted Documentation and Concepts, which Count IV of the complaint cites, and which provides:

The Government shall have the option to obtain ownership of all surveys, feasibility studies, designs, and proposals submitted to the KO, including the content and technical approach presented.  If after the ESCO has performed feasibility study, designs, proposals, and/or site surveys the Government chooses to pursue a project by means other than this contract, the Government may exercise its option to obtain ownership of all surveys, proposals, and designs submitted to the KO, including the content and technical approach presented, for the individual ECM in question.  The ESCO shall receive appropriate consideration for the ESCO effort on the particular ECM (i.e., recovery of study and design costs as estimated and submitted to the KO via the site survey report and the feasibility study report plus the cost to perform the site survey plus an appropriate mark-up [sic] [missing end parenthesis].  This contract language is included to allow the best use of taxpayer funds by allowing

5

the Government to develop its resources through the best manner possible, while compensating the ESCO for his efforts. If the ESCO and Government are unable to agree on price and terms for execution work efforts and the Government utilizes another ESCO, the Government should only pay those costs that are fair and reasonable for the work performed.

(App. resp., ex. 1 at 281; R4, tab 6 at 129) In view of MATOC III, Section C.26.4, Count IV of the complaint alleges facts that plausibly suggest that the government owes AECOM money for having kept AECOM's work product without paying for it; consequently, we deny the government's motion to dismiss Count IV for failure to state a claim.

For the foregoing reasons, the government's motion to dismiss Counts II and IV of the complaint for failure to state a claim is denied.

Dated: February 7, 2022

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62800, Appeal of AECOM Technical Services, Inc., rendered in conformance with the Board's Charter.

Dated:  February 8, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals